EXHIBIT 5

**ORIGINAL** 

## APPLICATIONS

### APPEAL APPLICATION

This application is to be used for any appeals authorized by the Los Angeles Municipal Code (LAMC) for discretionary actions administered by the Department of City Planning.

1. **APPELLANT BODY/CASE INFORMATION**

   Appellant Body:

   ☐ Area Planning Commission   ☐ City Planning Commission   ☒ City Council   ☐ Director of Planning

   Regarding Case Number: CPC-2016-2118-VZC-MCUP-CU-SPR-CDO-DD

   Project Address: 14665 Roscoe Blvd. (14665-14697 Roscoe Blvd., 8300-8406 Cedros Ave., 8321-8413 Tobias Av

   Final Date to Appeal: 06/06/2018

   Type of Appeal:
   ☐ Appeal by Applicant/Owner
   ☒ Appeal by a person, other than the Applicant/Owner, claiming to be aggrieved
   ☐ Appeal from a determination made by the Department of Building and Safety

2. **APPELLANT INFORMATION**

   Appellant's name (print): Southwest Regional Council of Carpenters; LiUNA Local 300

   Company: Southwest Regional Council of Carpenters; LiUNA Local 300

   Mailing Address: 533 S. Fremont Ave., 10th Fl. L.A., CA 90071; 2005 W. Pico Blvd. L.A., CA 90006

   City: Los Angeles    State: CA    Zip: _____

   Telephone: (510) 836-4200    E-mail: richard@lozeaudrury.com

   • Is the appeal being filed on your behalf or on behalf of another party, organization or company?

   ☒ Self    ☐ Other: _____

   • Is the appeal being filed to support the original applicant's position?    ☐ Yes    ☒ No

3. **REPRESENTATIVE/AGENT INFORMATION**

   Representative/Agent name (if applicable): Richard Drury

   Company: Lozeau Drury LLP

   Mailing Address: 410 12th Street, Suite 250

   City: Oakland    State: CA    Zip: 94607

   Telephone: (510) 836-4200    E-mail: Richard@lozeaudrury.com

CP-7769 appeal (revised 5/25/2016)    Page 1 of 2

A1

CF-18-0553--0003

006202
ICON0006202

4. **JUSTIFICATION/REASON FOR APPEAL**

   Is the entire decision, or only parts of it being appealed?   ☒ Entire   ☐ Part

   Are specific conditions of approval being appealed?   ☒ Yes   ☐ No

   If Yes, list the condition number(s) here:  All Conditions

   Attach a separate sheet providing your reasons for the appeal. Your reason must state:

   - The reason for the appeal
   - Specifically the points at issue
   - How you are aggrieved by the decision
   - Why you believe the decision-maker erred or abused their discretion

5. **APPLICANT'S AFFIDAVIT**

   I certify that the statements contained in this application are complete and true:

   Appellant Signature: _[signature]_                    Date: May 25, 2018

6. **FILING REQUIREMENTS/ADDITIONAL INFORMATION**

   - Eight (8) sets of the following documents are required for <u>each</u> appeal filed (1 original and 7 duplicates):
     - Appeal Application (form CP-7769)
     - Justification/Reason for Appeal
     - Copies of Original Determination Letter

   - A Filing Fee must be paid at the time of filing the appeal per LAMC Section 19.01 B.
     - Original applicants must provide a copy of the original application receipt(s) (required to calculate their 85% appeal filing fee).

   - All appeals require noticing per the applicable LAMC section(s). Original Applicants must provide noticing per the LAMC, pay mailing fees to City Planning's mailing contractor (BTC) and submit a copy of the receipt.

   - Appellants filing an appeal from a determination made by the Department of Building and Safety per LAMC 12.26 K are considered Original Applicants and must provide noticing per LAMC 12.26 K.7, pay mailing fees to City Planning's mailing contractor (BTC) and submit a copy of receipt.

   - A Certified Neighborhood Council (CNC) or a person identified as a member of a CNC or as representing the CNC may <u>not</u> file an appeal on behalf of the Neighborhood Council; persons affiliated with a CNC may only file as an <u>individual on behalf of self</u>.

   - Appeals of Density Bonus cases can only be filed by adjacent owners or tenants (must have documentation).

   - Appeals to the City Council from a determination on a Tentative Tract (TT or VTT) by the Area or City Planning Commission must be filed within 10 days of the <u>date of the written determination</u> of said Commission.

   - A CEQA document can only be appealed if a non-elected decision-making body (ZA, APC, CPC, etc.) makes a determination for a project that is not further appealable. [CA Public Resources Code ' 21151 (c)].

| This Section for City Planning Staff Use Only |||
|---|---|---|
| Base Fee: $89.00 | Reviewed & Accepted by (DSC Planner): Karalynn Dominguez | Date: 5/29/2018 |
| Receipt No: 0102895892 | Deemed Complete by (Project Planner): | Date: |
| ☒ Determination authority notified | ☐ Original receipt and BTC receipt (if original applicant) ||

CP-7769 appeal (revised 5/25/2016)                                    Page 2 of 2

A1

CF-18-0553--0004

### Justification/Reason for Appeal

ICON at PANORAMA
Case No. VTT-74315-1A
Case No. CPC-2016-2118-VZC-MCUP-CU-SPR-CDO-DD
CEQA ENV 2016-1061-EIR (SCH NO. 2016081031); VESTING TENTATIVE MAP VTT-74315
14665 Roscoe Blvd. (14665-14697 Roscoe Blvd., 8300-8406 Cedros Ave., 8321-8413 Tobias Ave.)

REASON FOR THE APPEAL: The environmental impact report (EIR) prepared for the ICON at Panorama Project (CEQA ENV 2016-1061-EIR (SCH NO. 2016081031)) ("Project") fails to comply with the California Environmental Quality Act (CEQA). In particular the EIR fails to adequately analyze environmental impacts of the Project, fails to accurately describe the Project, fails to adequately describe the environmental setting of the Project, and fails to propose all feasible mitigation measures and alternatives to reduce Project impacts. In addition, the City and project proponent have significantly revised the Project, increasing its size from 422 residential units to 623 residential units, an increase of 201 units. This increase in size is not adequately described or analyzed in the EIR and creates new significant impacts, and a supplemental or revised draft EIR is therefore required to analyze the significant impacts of this Project modification. The Planning Commission at its meeting on April 26, 2018 improperly delegated to staff the duty of drafting new CEQA findings that were not reviewed by the Planning Commission and not reviewed by the public, resulting in an unlawful delegation of decision making authority to staff.

SPECIFICALLY THE POINTS IN ISSUE: The specific points in issue are set forth in the comment letters filed on this project dated May 22, 2017, October 16, 2017, March 19, 2018, and April 23, 2018, in the expert comment letters attached thereto, the oral testimony presented to the Advisory Agency and the Planning Commission, and in this appeal.

HOW YOU ARE AGGREIVED BY THE DECISION: Members of the appellant organizations live in the vicinity of the proposed Project. They breathe the air, suffer traffic congestion, and will suffer other environmental impacts of the Project unless it is properly mitigated. Construction workers, such as the members of the appellant organizations, will be directly affected by soil contamination, improperly controlled construction equipment, and other risks during Project construction.

WHY YOU BELIEVE THE DECISION-MAKER ERRED OR ABUSED THEIR DISCRETION: At its hearing on April 26, 2018, the Planning Commission approved the Final EIR for the Project despite the fact that there is substantial evidence demonstrating that the EIR fails to comply with CEQA. The Planning Commission failed to respond to substantial evidence presented concerning the EIR's legal deficiencies. The Planning Commission approved portions of the Project (the vesting tentative tract map) despite the fact that the CEQA document is still subject to appeal and is in fact being appealed.

CF-18-0553--0005