EXHIBIT 11



# REMY | MOOSE | MANLEY LLP

Whitman F. Manley
wmanley@rmmenvirolaw.com

March 18, 2022

**VIA TRUE FILING**

Justices Currey, Manella and Micon
California Court of Appeal
Second Appellate District, Division Four
Ronald Reagan State Building
300 S. Spring Street
2nd Floor, North Tower
Los Angeles, CA 90013

Re:  Request for Publication – *Southwest Regional Council of Carpenters v. City of Los Angeles (The Icon at Panorama, LLC)* (March 7, 2022, Case No. B301374)

Honorable Justices:

The League of California Cities ("Cal Cities") and California State Association of Counties ("CSAC") respectfully request that the Court of Appeal, Second Appellate District, publish the opinion in *Southwest Regional Council of Carpenters v. City of Los Angeles (The Icon at Panorama, LLC)* (March 7, 2022, Case No. B301374) (the "Opinion") pursuant to Rule 8.1120(a) of the California Rules of Court. As discussed below, the Opinion qualifies for publication because it provides needed clarification concerning claims that often arise under the California Environmental Quality Act ("CEQA") (Pub. Resources Code, § 21000 et seq.). The Opinion also involves other legal issues of continuing public interest, such as the extent to which CEQA allows, and even encourages, the evolution of a proposed project throughout the CEQA process in response to environmental concerns and public input. (*Id.*, at rule 8.1005(c)(6).)

This request seeks partial publication. Cal Cities and CSAC request publication of the Opinion, with the exception of Section III. The Cal Cities and CSAC have no view concerning whether Section III merits publication. Cal Cities and CSAC's request instead focuses on Section II, addressing the project description and recirculation of the Draft Environmental Impact Report ("EIR"). The introduction, factual background and procedural history, and Section I ("Overview of CEQA and Standard of Review") should be published in order to provide necessary context.

**INTERESTS OF CAL CITIES AND CSAC**

Cal Cities is an association of 479 California cities dedicated to protecting and restoring local control to provide for the public health, safety, and welfare of their residents, and to enhance the quality of life for all Californians. Cal Cities is advised by its Legal Advocacy

Justices Currey, Manella and Micon
March 18, 2022
Page 2

Committee, comprised of 24 city attorneys from all regions of the State. The Committee monitors litigation of concern to municipalities and identifies those cases that have statewide or nationwide significance. The Committee has identified this case as having such significance.

CSAC is a non-profit corporation. The membership consists of the 58 California counties. CSAC sponsors a Litigation Coordination Program, which is administered by the County Counsels' Association of California and is overseen by the Association's Litigation Overview Committee, comprised of county counsels throughout the state. The Litigation Overview Committee monitors litigation of concern to counties statewide and has determined that this case is a matter affecting all counties.

Cal Cities and CSAC filed amicus briefs with this Court in support of Appellants City of Los Angeles and the Los Angeles City Council and Real Party in Interest The Icon at Panorama, LLC (collectively, "Appellants").

## THE OPINION CLARIFIES EXISTING LAW AND INVOLVES A LEGAL ISSUE OF CONTINUING PUBLIC INTEREST. (RULE 8.1105(c)(4), (6).)

The requirement that an EIR contain an "accurate, stable and finite" description of the proposed project has been around a long time. Indeed, this formulation dates to a decision published way back in 1977: *County of Inyo v. City of Los Angeles* (1977) 71 Cal.App.3d 185, 199 (*County of Inyo*).

The problem, however, is that *County of Inyo* has been relied upon by Courts to invalidate EIRs in a variety of circumstances that bear little relationship to those that existed in the original case. In other instances, Courts have upheld EIRs notwithstanding attacks on the project description, largely in reliance on *County of Inyo*. Indeed, one helpful aspect of the Opinion is that it provides a thorough and accurate inventory of these decisions. (Slip op., pp. 21-29.)

Two 2019 cases – *stopthemillenniumhollywood.com v. City of Los Angeles* (2019) 39 Cal.App.5th 1 and *South of Market Community Action Network v. City and County of San Francisco* (2019) 33 Cal.App.5th 321 – reach opposite conclusions under circumstances that are, candidly, difficult to distinguish. Both cases involve attacks on an EIR's project description. Both involve large, urban, mixed-use projects. Both involve plans that afford the developer flexibility concerning the mix of uses that would ultimately be constructed. One EIR was upheld and the other was not.

Against this backdrop, the Opinion is particularly helpful in illustrating that the requirement for an "accurate, stable and finite" project description does not mean that the proposal cannot evolve, or that the project entitlement cannot incorporate a degree of flexibility. In short, the Opinion shows that "flexibility" and "instability" are not synonyms.

The Opinion also cites the EIR's analysis of alternatives with varying mixes of uses as further reason why the project description provided sufficient information to allow for

Document received by the CA 2nd District Court of Appeal.

Justices Currey, Manella and Micon
March 18, 2022
Page 3

meaningful public input. In so doing, the Opinion will thus encourage agencies to take a similar approach in EIRs prepared for mixed-use projects. Agencies will understand that, if different mixes of uses are under consideration, then the record will be strengthened by including in their EIRs analyses of alternatives reflecting such potential mixes. The result will be more robust environmental analysis and greater opportunity for meaningful public input.

One unfortunate implication of *stopthemillenniumhollywood.com v. City of Los Angeles* is that agencies could be vulnerable to CEQA challenges if they include in their EIRs additional alternatives with different land-use mixes. This Opinion will reassure agencies that, in fact, such an approach is consistent with CEQA's requirements. The Opinion also confirms that the ultimate issue is whether the EIR contains all of the information required by CEQA Guidelines section 15124 concerning the description of the project.

The Opinion also illustrates that the project, as ultimately approved, need not match up precisely with the EIR's project description or alternatives. The Opinion notes, correctly, that nothing in CEQA requires recirculation of a Draft EIR solely as a result of identifying and approving a new alternative after the Draft EIR is circulated for public review. The Opinion notes further that, even if the City did not recirculate the Draft EIR after the revised project was identified, the City did hold public hearings, five months passed between the identification of the revised project and the City's ultimate decision, the public had ample opportunity to weigh in, and the petitioners (who participated in these hearings) could not show prejudice. (Slip op., pp. 34-36.)

This sort of evolution, both before and after the Draft EIR is circulated for public review, is a commonplace feature of the CEQA process. The Opinion shows that neither the agency nor the project applicant should be penalized for being open to such evolution. The issue is instead whether the agency must recirculate the Draft EIR under CEQA Guidelines section 15088.5. In this context, the Opinion makes clear that Courts should apply the "substantial evidence" standard of review and focus on the criteria set forth in section 15088.5, rather than engrafting onto the analysis a test that does not appear in the statute or Guidelines (as the trial court had done with its "materially different" formulation).

For all of these reasons, Cal Cities and CSAC believe that the Opinion warrants partial publication.

Thank you for considering this request.

Very truly yours,

*Whitman F. Manley*

Whitman F. Manley

Document received by the CA 2nd District Court of Appeal.

*Southwest Regional Council of Carpenters, et al v. City of Los Angeles, et al Court of* Appeal Second Appellate District, Division 4, Case No. B301374
(Los Angeles Superior Court Case No. BS175189)

**PROOF OF SERVICE**

I, Michele L. Nickell, am a citizen of the United States and I am employed in the City and County of Sacramento. My business address is 555 Capitol Mall, Suite 800, Sacramento, California, 95814. My email address is mnickell@rmmenvirolaw.com. I am over the age of 18 years and I am not a party to the above-titled action.

On March 18, 2022, I served the following:

LETTER TO JUSTICES CURREY, MANELLA AND MICON REGARDING REQUEST FOR PUBLICATION

☒ **VIA TRUEFILING** by causing a true copy thereof to be electronically delivered to the following person(s) or representative(s) at the email address(es) listed below. I did not receive any electronic message or other indication that the transmission was unsuccessful.

**SEE ATTACHED SERVICE LIST**

Document received by the CA 2nd District Court of Appeal.

4

I declare under penalty of perjury that the foregoing is true and correct and that this Proof of Service was executed this 18th day of March 2022, at Sacramento, California.

Michele L. Nickell

Document received by the CA 2nd District Court of Appeal.

| | |
|---|---|
| Richard Drury<br>richard@lozeaudrury.com<br>Rebecca L. Davis<br>rebecca@lozeaudrury.com<br>LOZEAU DRURY, LLP<br>1939 Harrison St., Ste. 150<br>Oakland, CA 94612 | Attorneys for Plaintiff and Respondent<br><br>SOUTHWEST REGIONAL COUNCIL OF CARPENTERS; and LABORERS INTERNATIONAL UNION OF NORTH AMERICA LOCAL 300 |
| Michael N. Feuer<br>Leonard P. Aslanian<br>Len.aslanian@lacity.org<br>CITY OF LOS ANGELES<br>200 North Main Street, 701<br>City Hall East<br>Los Angeles, CA 90012 Tel :<br>(213) 978-8195<br>Fax :(213) 978-8090 | Attorneys for Appellant<br><br>CITY OF LOS ANGELES, LOS ANGELES CITY COUNCIL, AND LOS ANGELES DEPARTMENT OF CITY PLANNING |
| Tina A. Thomas<br>Amy R. Higuera<br>Christopher J. Butcher<br>cbutcher@thomaslaw.com<br>THOMAS LAW GROUP<br>455 Capitol Mall, Suite 801<br>Sacramento, CA 95814 Tel :<br>(916) 287-9292<br>Fax :(916) 737-5858 | Attorneys for Respondents and Appellants<br><br>CITY OF LOS ANGELES, LOS ANGELES CITY COUNCIL AND LOS ANGELES DEPARTMENT OF CITY PLANNING |
| Damon P. Mamalakis<br>damon@agd-landuse.com<br>ARMBRUSTER GOLDSMITH & DELVAC LLP<br>12100 Wilshire Blvd., Suite 1600<br>Los Angeles, CA 90025 Tel :<br>(310) 209-8800<br>Fax :(310) 209-8801 | Attorneys for Real Party in Interest and Appellant<br><br>THE ICON AT PANORAMA, LLC |

Document received by the CA 2nd District Court of Appeal.