EXHIBIT 12



**MICHAEL N. FEUER**
CITY ATTORNEY

March 22, 2022

The Honorable Brian S. Currey
The Honorable Nora M. Manella
The Honorable Gary I. Micon
Second Appellate District, Division Four, California Court of Appeal
Ronald Reagan State Building
300 S. Spring Street
2nd Floor, North Tower
Los Angeles, CA 90013

      Re:    **Request for Partial Publication:** *Southwest Regional Council of Carpenters et al. v. City of Los Angeles et al.* **(Mar. 7, 2022, B301374) [nonpub. opn.]**

Dear Justices Currey, Manella, and Micon:

    Pursuant to California Rules of Court, rule 8.1120, subdivision (a), the City of Los Angeles (City), respectfully request partial publication of this Court's opinion in *Southwest Regional Council of Carpenters et al. v. City of Los Angeles et al.* (Mar. 7, 2022, B301374) [nonpub. opn.] (Opinion). This request sets forth the City's interest in publication and provides a reasoned explanation to support our belief that the Opinion meets the standards for publication as set forth in California Rules of Court, rule 8.1105, subdivision (c). As described below, the Opinion should be published because it applies an existing rule of law regarding CEQA project description and recirculation requirements to facts significantly different than those in published opinions. Additionally, because agencies are routinely confronted with the application of both CEQA's stable project description and recirculation requirements as they respond to public comments and attempt to lessen a project's environmental impacts during the CEQA review process, the Opinion involves a legal issue of continuing public interest.

    This request seeks partial publication. The City requests publication of the Opinion, with the exception of Section III. The City's request focuses on Section II, addressing the project description and recirculation of the Draft Environmental Impact Report (DEIR). The introduction, factual background and procedural history, and Section I ("Overview of CEQA and Standard of Review") should be published in order to provide necessary context.

*Document received by the CA 2nd District Court of Appeal.*

Justices Currey, Manella, and Micon
March 22, 2022
Page **2** of **3**

1. **The City of Los Angeles has an interest in the Opinion's publication. (Cal. Rules of Court, rule 8.1120(a)(2).)**

The City strives to, where feasible, further reduce a project's environmental impacts in response to public comment during the CEQA review process. Publication of Section II of the Opinion addressing CEQA's project description and recirculation requirements would provide clarity for the City, and other lead agencies, regarding the application of both these CEQA requirements to project changes proposed after public comment on a DEIR.

2. **The Opinion should be published because it "[a]pplies an existing rule of law to a set of facts significantly different from those stated in published opinions." (Cal. Rules of Court, rule 8.1105(c)(2).)**

The Opinion applies the rule that a CEQA project description must be "accurate, stable, and finite" to a new set of facts. In the Opinion, the City prepared a DEIR for a mixed-use development on an approximately nine-acre site (Project). (Opinion, p. 4.) The DEIR studied four project alternatives. (*Id*. at p. 5.) In response to public and City agency comments regarding air quality and traffic, the City evaluated a new project alternative (Alternative 5) in the Final EIR (FEIR), which further reduced identified significant impacts. (*Id*. at pp. 8-9.) Alternative 5 reduced the commercial square footage from 200,000 sq.ft. to 60,000 sq.ft., removed high traffic generating commercial uses (e.g., the theater, grocery store, and associated parking garage), and increased residential development from 422 to 675 units. (*Id*. at pp. 4, 7-8.) After the FEIR for the Project was issued, City staff recommended approval of a smaller variation of Alternative 5 (Revised Project). (*Id*. at p. 9.) The Revised Project had not been included in the DEIR, Recirculated DEIR or the FEIR, and the public did not have an opportunity to comment on it as part of the formal EIR process, but were afforded an opportunity to comment on it through the City's administrative process. (*Ibid*.) The Revised Project, which like Alternative 5, included 60,000 sq.ft. of commercial space, but reduced the residential development by 52 units to 623 units, was subsequently approved by the City. (*Id*. at p. 9, 11.)

On appeal, petitioners argued that the City's approval of a project that was not described in the DEIR resulted in an inaccurate and unstable project description. (Opinion, pp. 11-12.) In addressing this argument, the Opinion holds that the DEIR's project description included all the mandatory elements under CEQA. (Opinion, p. 34, citing CEQA Guidelines, § 15124.) The Opinion also applies the unique factual circumstances surrounding the Project to the existing published opinions articulating "guideposts for interpreting the stable project description requirement." (Opinion, p. 21; see also *id*. at pp. 19-34.) In doing so, the Opinion acknowledges that none of the currently published opinions consider an unstable project description challenge in the context of CEQA's recirculation requirement pursuant to CEQA Guidelines section 15088.5. (*Id*. at p. 39, fn. 6.) However, because petitioners alleged that project changes occurring after the DEIR was circulated for public comment rendered the project description unstable, the factual circumstances at issue in the Opinion required consideration of both CEQA's stable project description and recirculation requirements. Therefore, the Opinion, if published, would become the first published opinion to address both these CEQA requirements in the context of a

Document received by the CA 2nd District Court of Appeal.

challenge to project changes proposed after publication of a DEIR. Importantly, in doing so the Opinion holds that courts "should not strain to require recirculation under the guise of an unstable project definition or by relying on a 'materially different' standard not present in CEQA, for by doing so, we engraft unnecessary requirements that CEQA does not sanction." (*Id*. at p. 39.)

Accordingly, because the Opinion applies CEQA's requirement that a project description be accurate, stable, and finite to factual circumstances not found in other published decisions, publication is warranted under California Rules of Court, Rule 8.1105, subdivision (c)(2).

### 3. The Opinion should be published because it involves "a legal issue of continuing public interest." (Cal. Rules of Court, rule 8.1105(c)(6).)

The Opinion also discusses legal issues of continuing public interest. As the Opinion acknowledges, the FEIR will almost always contain information that is not included in the DEIR given CEQA's requirements to circulate the DEIR and then respond to public comments before certifying the FEIR. (Opinion, p. 37.) Thus, while the factual circumstances addressed in the Opinion are unique as compared to existing published decisions addressing CEQA's stable project description requirement, the application of both CEQA's stable project description and recirculation requirements to project changes proposed after public comment on a DEIR is nevertheless routinely confronted by public agencies as they respond to public comments on a DEIR and attempt, as in this case, to further reduce a project's environmental impacts during the CEQA review process. Moreover, the significant number of amici briefs filed in this matter emphasize the continued public interest in the relationship between these two CEQA requirements and the need for further published guidance on the issue. Therefore, the Opinion involves legal issues of "continuing public interest" pursuant to California Rules of Court, Rule 8.1105, subdivision (c)(6).

### 4. Conclusion

As demonstrated above, the Opinion meets several of the standards for publication set forth in California Rules of Court, rule 8.1105, subdivision (c). We respectfully request that the Court certify the Opinion for partial publication.

Very truly yours,

Kathryn C. Phelan
Deputy City Attorney

cc: All counsel of record
Proof of service attached

Document received by the CA 2nd District Court of Appeal.

*Southwest Regional Council of Carpenters et al. v. City of Los Angeles* Court of Appeal Second Appellate District, Division 4, Case No. B301374, Los Angeles County Superior Court Case No. BS175189

## PROOF OF SERVICE

I am a resident of the United States, employed in the City and County of Sacramento. My business address is 455 Capitol Mall, Suite 801, Sacramento, California 95814. I am over the age of 18 years and not a party to the above-entitled action.

On March 22, 2022, a true copy of the **REQUEST FOR PARTIAL PUBLICATION** was electronically filed with the Court of Appeal, Second Appellate District, Division 4, through TrueFiling.com. Notice of this filing will be served to those below via TrueFiling.

| | |
|---|---|
| Richard Drury<br>richard@lozeaudrury.com<br>Rebecca L. Davis<br>rebecca@lozeaudrury.com<br>LOZEAU DRURY, LLP<br>1939 Harrison St., Ste. 150<br>Oakland, CA 94612 | Attorneys for SOUTHWEST REGIONAL COUNCIL OF CARPENTERS; and LABORERS INTERNATIONAL UNION OF NORTH AMERICA LOCAL 300 |
| Damon P. Mamalakis<br>Damon@agd-landuse.com<br>ARMBRUSTER GOLDSMITH & DELVAC LLP<br>12100 Wilshire Blvd, #1600<br>Los Angeles, CA 90025 | Attorneys for Real Party in Interest and Appellant THE ICON AT PANORAMA, LLC |

I declare under penalty of perjury that the foregoing is true and correct and that this Proof of Service was executed this 22nd day of March 2022, at Sacramento, California.

*[signature]*
_____
Stephanie Richburg

Document received by the CA 2nd District Court of Appeal.