EXHIBIT 13

# Holland & Knight

50 California Street, Suite 2800 | San Francisco, CA 94111 | T 415.743.6900 | F 415.743.6910
Holland & Knight LLP | www.hklaw.com

Daniel R. Golub
415-743-6900
Daniel.Golub@hklaw.com

March 24, 2022

Hon. Presiding Justice Nora M. Manella
Hon. Associate Justice Brian S. Currey
Hon. Associate Justice Thomas L. Willhite, Jr.
Hon. Associate Justice Audrey B. Collins
Hon. Judge Gary Micon (by assignment)
Court of Appeal of the State of California
Second Appellate District, Division Four
Ronald Reagan State Building
300 S Spring St B-228
Los Angeles, CA 90013

Re:   Request for Publication
      *Southwest Regional Council of Carpenters, et al. v. City of Los Angeles, et al.*,
      No. B301374 (Opinion Filed March 7, 2021)

Dear Honorable Justices of the Court of Appeal:

      Pursuant to California Rules of Court 8.1105 and 8.1120, the California Building Industry Association ("CBIA") respectfully requests that the Court order partial publication of Sections I and II of its thorough and well-reasoned opinion in *Southwest Regional Council of Carpenters, et al. v. City of Los Angeles, et al.*, No. B301374, BS175189 (Mar. 7, 2021) (hereinafter, "Opinion" or "Opn.").[1] At a time when the State of California faces a "housing supply and affordability crisis of historic proportions," Gov. Code § 65589.5, subd. (a)(2)(A), the Opinion can provide welcome guidance to lead agencies and housing developers about how they can lawfully revise projects in response to public comments – in particular to provide increased housing opportunities – in a manner that complies with the California Environmental Quality Act ("CEQA"), Pub. Res. Code § 21000, *et seq.*, and even reinforces the state policy embedded in CEQA to provide a decent home and suitable living environment for every Californian. Pub. Resources Code, § 21001, subd. (d).

      As detailed below, Sections I and II of the Opinion explain existing rules of law and make a significant contribution to legal literature, involve a legal issue of continuing public

---

[1] CBIA requests that the introduction to the opinion, the "Factual Background and Procedural History," and disposition of the opinion also be published since they aid in the application and interpretation of Sections I and II. *See* California Rules of Court 8.1110(b) ("All material, factual and legal, including the disposition, that aids in the application or interpretation of the published part must be published").

interest, and apply existing rules of law to a set of facts significantly different from those in prior published opinions. Accordingly, the Opinion satisfies multiple standards for certification set forth in California Rule of Court 8.1105, subd. (c), and therefore warrants publication.

## I.   Statement of Interest

This Court granted CBIA *amicus curiae* status in this case, and considered CBIA's *amicus* brief, among others, before issuing its Opinion. *See* Opinion, at 16.

CBIA is a statewide nonprofit trade association comprising approximately 3,000 members involved in the residential development industry. CBIA and member companies directly employ over one hundred thousand people. CBIA is a recognized voice for all aspects of homebuilding, including land use and environmental professionals, general and specialty contractors, lenders, sales agents, and project designers. As such, CBIA has a strong interest in the Opinion, which provides a useful precedent for what makes a project description legally sufficient under CEQA.

## II.   The Opinion Satisfies Multiple Criteria for Publication.

### A. The Opinion Explains Existing Rules of Law and Makes a Significant Contribution to Legal Literature.

Sections I and II of the Opinion provide a valuable addition to the body of law regarding the standard for a CEQA project description and the grounds on which project opponents can compel an EIR to be recirculated.

The case concerns The Icon at Panorama ("Project"), a mixed-use development consisting of 623 homes and 60,000 square feet of commercial space, which the City of Los Angeles ("City") approved after preparing and certified a thorough environmental impact report ("EIR") that analyzed the Project's potential impacts on the environment and mitigated those impacts as required by CEQA. During the public review process, in response to public comments about traffic impacts and housing needs, the Project applicant proposed an alternative to the originally proposed version of the project that did not change the overall size or location of the project, but reduced commercial development and increased housing opportunities. *Id.* This increase in housing was met with essentially unanimous support from the community, with the exception of Petitioners, who sued to stop the Project, arguing that the City's decision to make this change rendered the EIR without a "sufficiently accurate, stable, and finite project description" in violation of CEQA. Opinion at 3, 35.

The Opinion explains an existing rule of law by canvassing the "quintet of cases evaluating whether a project description remained stable throughout the EIR process," and drawing from them the "salient conclusion" that "a stable [project] description permits informed public participation in the environmental review process." Opinion at 21. Applying this conclusion, the Opinion concluded after careful analysis of the facts of the case and the prior case law that making this type of change to a proposed project during the public review process does not preclude informed public participation because, *inter alia*, "[t]here was no evidence of widely varying environmental impact between the various project alternatives presented to the public and the Revised Project," and because "there was extensive commentary on the original

Document received by the CA 2nd District Court of Appeal.

alternatives, and . . . commentary on factors like traffic and environmental contamination were taken into account before preparation of the FEIR, and formed the basis for the Revised Project." Opinion at 34-35. This analysis makes a useful contribution to legal literature by providing helpful guidance to lead agencies and housing developers as to how they can respond to public comments and shape projects through the review process without running afoul of CEQA.

The Opinion also goes on to explain why this type of change also does not trigger a recirculation requirement, explaining existing rules of law that allow various components of a project to be revised to meet public commentary. Opinion at 39. This, too, makes a valuable contribution to the legal literature, consistent with the Supreme Court's holding that "the Legislature did not intend to promote endless rounds of revision and recirculation of EIR's." *Laurel Heights Improvement Assn. v. Regents of Univ. of California* (1993) 6 Cal. 4th 1112, 1132.

The Court should order publication of Section I and II in accordance with California Rules of Court 8.1105, subd. (c)(3), 8.1105, subd. (c)(4), and 8.1105, subd. (c)(7).

**B. The Opinion Involves a Legal Issue of Continuing Public Interest.**

The adequacy of a project description under CEQA, the ability of a lead agency to make changes to a project without triggering recirculation, and the ability of a lead agency to maximize the number of homes that a project can provide, are all issues of significant continuing public interest.

As the Opinion notes, the "State and region are in the midst of a housing shortage," and Petitioners sought to block housing based on a dispute that "centers on the number of residential units approved in an urban in-fill development." Opinion at 34-35. In order to meet the State's housing development goals, it will be increasingly important to allow cities the flexibility to respond to public concerns and reduce projects impacts after the public comment period, and especially to include more housing opportunities in a project. Against the backdrop of the state's dire need to develop more housing, this Opinion will help "reduce uncertainty and litigation risks facing local government and project applicants" seeking to construct it. Opn. at 35, citing *Berkeley Hillside Preservation v. City of Berkeley* (2015) 60 Cal.4th 1086, 1107. The Opinion should therefore be published pursuant to California Rule of Court 8.1105, subd. (c)(6).

**C. The Opinion Addresses a Significantly Different Set of Facts from Other Published Opinions.**

The Opinion applies important principles of CEQA "to a set of facts significantly different from those stated in published opinions" and therefore should be published pursuant to California Rule of Court 8.1105, subd. (c)(2).

Although the issue of an unstable project description is often litigated, prior cases do not address the scenario presented in this case, in which a lead agency chose to adopt a modified version of a project that was within the general scope of the alternatives studied in the EIR, but which reduced environmental effects relative to the originally proposed project. Leading cases feature project description challenges in which the lead agency's description of the project under consideration was ill-defined in the EIR itself, or in which a project description failed to disclose

3

Document received by the CA 2nd District Court of Appeal.

Case 2:19-cv-00181-CBM-MRW   Document 201-13   Filed 07/11/22   Page 5 of 5   Page ID
#:5651

concrete facts about the project under consideration. (*See County of Inyo v. City of Los Angeles* (1977) 71 Cal.App.3d 185, 197 (evaluating a project description that shifted incessantly throughout the EIR itself); *Washoe Meadows Community v. Department of Parks and Recreation* (2017) 17 Cal.App.5th 277, 288 (evaluating an EIR that completely lacked an identification of the project the agency was considering); *STOPTHEMILLENIUMHOLLYWOOD.COM v. City of Los Angeles* (2019) 39 Cal.App.5th 1, 6 (rejecting EIR project description that failed to present any concrete proposal); *South of Market Community Action Network v. City and County of San Francisco* (2019) 33 Cal.App.5th 321, 335 (evaluating, though affirming, project description reflecting one of two proposed schemes presented in the DEIR); *Citizens for a Sustainable Treasure Island v. City and County of San Francisco (*2014) 227 Cal.App.4th 1036 (Treasure Island) (evaluating, though affirming, a project description that lacked some details about the project).

The Opinion presents a different set of facts than those in leading cases, as described above. The Opinion affirms that although a project description must be internally consistent within an EIR document, this does not mean that a project under consideration cannot change as it proceeds through review and other stages in the approval process. Many trial courts are grappling with these considerations, and as the years of cases cited above indicate, project description challenges are increasingly common. However, no appellate court has yet addressed these particular facts in a published opinion. The Opinion thus addresses a significantly different set of facts from the published opinions, and provides important clarification of the scope and application of CEQA.

### III.  Conclusion

For the foregoing reasons, CBIA respectfully requests that the Court order publication of Sections I and II of its Opinion.

Sincerely,

HOLLAND & KNIGHT LLP

*[signature]*

Daniel R. Golub
Melanie Chaewsky

*Counsel for California Building Industry Association*

4

#151705756_v1

585