EXHIBIT 15

P: (626) 381-9248
F: (626) 389-5414
E: info@mitchtsailaw.com

**Mitchell M. Tsai**
Attorney At Law

139 South Hudson Avenue
Suite 200
Pasadena, California 91101

VIA TRUEFILING

May 26, 2022

Honorable Chief Justice Tani Cantil-Sakauye and Honorable Associate Justices
Supreme Court of California
350 McAllister Street, Room 1295
San Francisco, CA 94102-4797

    RE: *Southwest Regional Council of Carpenters, et al. v. City of Los Angeles*, Case No. S274474 Amicus Letter in Support of Petition for Review (Cal. Rule of Court 8.500(g)(1)).

Dear Chief Justice Cantil-Sakauye and Honorable Associate Justices:

Amici Curiae Mitchell M. Tsai, Attorney at Law ("**Tsai**") and SAJE (collectively "**Amici**"), pursuant to California Rules of Court, rule 8.500(g), respectfully requests that this Court grant the Petition for Review filed by Southwest Regional Council of Carpenters in the above-captioned matter.

Tsai is a public interest environmental law firm that primarily practices litigation to enforce CEQA as well as State Planning and Zoning Laws. Tsai also represents environmental, labor and community groups to fight for a healthy environment, quality of life and community benefits. Tsai participates in CEQA process to advocate for enhanced environmental protections, mitigation measures and environmentally preferable alternatives. In this capacity, Tsai has an interest in ensuring that CEQA remains an effective statute to protect the environment.

SAJE is a nonprofit organization based in South Los Angeles that advocates for economic justice, tenant rights, healthy housing and equitable development. SAJE's mission is to change public and corporate policy in a manner that provides concrete economic benefits to working class people, increase the economic rights of working class people, and builds leadership through a movement for economic justice; and in the process creating sustainable models of economic democracy.

The Petition for Review presents an issue of recurring and substantial importance to ensure the integrity of the California Environmental Quality Act (CEQA). The single

Document received by the CA Supreme Court.

Southwest Regional Council of Carpenters, et al. v. City of Los Angeles, Case No. S274474 – Amicus Letter in Support of Petition for Review
May 25, 2022
Page 2 of 3

most fundamental requirement of CEQA is that the environmental impact report (EIR) must have an "accurate, stable and finite" description of the proposed project, (*County of Inyo v. City of Los Angeles* (1977) 71 Cal.App.3d 185, 193), presented at a time when the public can provide meaningful comments. The public cannot meaningfully participate in the CEQA process if they do not have an accurate description of the proposed project. As discussed in the Petition for Review, after decades of consistent case law, in recent years, the law in this area has fallen into a state of disarray.

The decision by the Court of Appeals stated the City did not violate the CEQA requirements of an accurate stable and finite project description because the project was described as a mixed use commercial residential project and the only change involved the composition and ratio of the residential to commercial footprint. (Typed Opinion at p. 30). However, for a project to be stable, the final approval must describe substantially the same project. *Washoe Meadows Community v. Department of Parks and Recreation* (2017) 17 Cal.App.5th 277, 288. In this case, the final approval does not describe substantially the same project. The final approval contained 623 residential units compared to 422 residential units and 60,000 square feet of commercial space compared to 200,000 square feet of commercial space. The Project cannot be substantially the same project with a 60% reduction in commercial space and a 48% increase in residential units.

In addition, the Court of Appeals held that recirculation was not required under 15088.5 because the project was not considerably different than other alternatives previously analyzed in the DEIR. (Typed Opinion at p. 34). However, the final project approved was not presented as any alternative in the DEIR. Additionally, when a lead agency adds significant new information, recirculation is required. (CEQA Guidelines section 15088.5, subdivision (a).) There are several examples to be considered significant new information: (1) A new significant environmental impact would result from the project or from a new mitigation measure proposed to be implemented; (2) A substantial increase in the severity of an environmental impact would result unless mitigation measures are adopted that reduce the impact to a level of insignificance; (3) A feasible project alternative or mitigation measure considerably different from others previously analyzed would clearly lessen the significant environmental impacts of the project, but the project's proponents decline to adopt it; (4) The draft EIR was so fundamentally and basically inadequate and conclusory in nature that meaningful public review and comment were precluded." (*Ibid*). The Court held there was no

Document received by the CA Supreme Court.

Southwest Regional Council of Carpenters, et al. v. City of Los Angeles, Case No. S274474 – Amicus Letter in Support of Petition for Review
May 25, 2022
Page 3 of 3

evidence of widely varying environmental impacts between the various project alternatives presented to the public and the Revised Project (Typed Opinion at p.33). However, there was no opportunity to demonstrate any widely varying environmental impact because no public comments were allowed.

Amici are concerned that the decision will allow agencies to describe comparatively benign projects in the draft EIR, but then ultimately approve significantly different and more impactful projects after the close of the public comment period. This would seriously undermine the entire CEQA process.

For this reason, and the reasons set forth in the Petition for Review, I urge this Court to grant the Petition for Review.

Respectfully submitted,

Mitchell M. Tsai

Document received by the CA Supreme Court.