EXHIBIT 16



# Chatten-Brown, Carstens & Minteer LLP

**Hermosa Beach Office**
Phone: (310) 798-2400

**San Diego Office**
Phone: (619) 940-4522

2200 Pacific Coast Highway, Suite 318
Hermosa Beach, CA 90254
www.cbcearthlaw.com

**Douglas Carstens**
Email Address:
dpc@cbcearthlaw.com
Direct Dial:
310-798-2400 Ext. 1

May 27, 2022

Honorable Chief Justice Tani Cantil-Sakauye
and Honorable Associate Justices
Supreme Court of California
350 McAllister Street, Room 1295
San Francisco, CA 94102-4797

RE:   *Southwest Regional Council of Carpenters, et al. v. City of Los Angeles*, Case No. S274474
       Amicus Curiae Letter in Support of Petition for Review (Cal. Rule of Court 8.500 subdivision (g)(1))

Dear Chief Justice Cantil-Sakauye and Honorable Associate Justices:

      Amici curiae Coalition for Clean Air ("CCA"), Planning and Conservation League, and the law firm of Chatten-Brown, Carstens & Minteer (CBCM) respectfully request that this Court grant review of the decision of the Court of Appeal in *Southwestern Council of Carpenters v. City of Los Angeles* (2022) 76 Cal.App.5th 1154, because the Court of Appeal's decision misapplied some of the most basic principles of the California Environmental Quality Act (CEQA). The decision below profoundly upends the CEQA process, by displacing the selection of the actual project being approved to a time after the public comment period on the environmental impact report has passed. This distortion of the CEQA process allowed the lead agency to choose a project that was never actually presented to the public, and allowed the lead agency to by-pass CEQA's requirement for good-faith, reasoned agency responses to public comments on the project being selected. Review by this Court is needed, not only to correct the misapplication of CEQA in this case, but also to prevent other lead agencies from copying this distortion of the CEQA process and dislodging the public from the "privileged position" it has long been held to enjoy under CEQA. (*Concerned Citizens of Costa Mesa v. 32nd Dist. Agricultural Assn.* (1987) 42 Cal.3d 929, 936.)

      Amicus curiae CCA is a California non-profit corporation. CCA is the only statewide organization exclusively advocating for air quality in California, and has actively participated in proceedings related to the local, state and federal regulatory

Document received by the CA Supreme Court.

Supreme Court
May 27, 2022
Page 2

activities affecting air quality in California since 1970. CCA's mission is to protect public health, improve air quality, and prevent climate change. CCA maintains offices in Los Angeles and Sacramento.

Amicus curiae Planning and Conservation League ("PCL") is a statewide organization whose mission is to protect and restore California's natural environment, and to promote and defend the public health and safety of the people of California, through legislative and administrative action, particularly through enforcement of CEQA. PCL has members located throughout California, who would be adversely impacted if project approvals could occur without the adequate project description during environmental review mandated by CEQA.

Amicus curiae CBCM is a law firm specializing in environmental and other public-interest law, particularly CEQA, and has appeared before this Court in such cases as *Save Tara v. City of Los Angeles* (2008) 45 Cal.4th 116. We often represent environmental and community groups challenging the CEQA compliance of lead agencies in approving projects, and in that capacity have contributed to the development of CEQA law. CBCM is deeply concerned that the decision of the Court of Appeals in this case will form a template for other public agencies to avoid full public accountability for their project approvals; we believe that this Court should grant review to correct a serious misapplication of CEQA's fundamental principles of public accountability, to prevent other lead agencies from similar conduct, and to ensure the integrity of the California Environmental Quality Act.

In this case, the lead agency, City of Los Angeles (City), conducted an environmental impact report (EIR) process, issuing a Draft EIR, a Revised Draft EIR, and a Final EIR for a project whose description fluctuated from CEQA document to CEQA document. Reduced to its basics, the project was initially proposed as a mixed-use project, including 422 residential units and 200,000 square feet of commercial uses on an 8.9-acre site. (*Southwest Reg. Council of Carpenters*, *supra*, 76 Cal.App.5th at 1163.) Only *after* the public comment period ended, in the Final EIR, did the City present an Alternative 5 project that proposed 675 residential units and only 60,000 square feet of commercial uses. (AR 3170.) The Project the City actually approved was *none* of the alternatives presented in the various incarnations of the EIR; instead, the City approved 623 residential uses and 60,000 square feet of commercial uses (AR 32), a variant of the Alternative 5 presented for the first time in the Final EIR. Since the public comment period was over, the only opportunity for comments by the public on the actual Project was one-minute comments at City hearings on approval of the Project as finally chosen by the City. (AR3699).

Document received by the CA Supreme Court.

**ARGUMENT**

The City of Los Angeles employed a procedure that does not comport with CEQA's basic purposes of full public disclosure and public accountability. The Petition for Review fully discusses the issue of full public disclosure; we would like to discuss the lack of public accountability caused by the City's procedure and approved by the Court of Appeal.

This Court has long held that an EIR is a document of public accountability. (*Laurel Heights Neighborhood Assn. v. Regents of the University of California* (1988) 47 Cal.3d 396, 392.) One of the ways in which this accountability is enforced is through the requirement that the lead agency for a project must provide a "good faith, reasoned" response to comments from the public on the draft EIR or a recirculated EIR. (CEQA Guidelines §15088 subd. (c).) The agency's responses must be supported by factual information, and must be detailed in proportion to the detail provided in the public comments. (*Id.*) CEQA thus demands a dialogue between the public and the lead agency roughly as equals during the CEQA process, especially the public comment process; this is part of the "privileged position" the public enjoys under CEQA. "Informed public participation is essential to environmental review under CEQA." (*Washoe Meadows Community v. Dept. of Parks & Recreation* (2017) 17 Cal.App.5th 277, at 285; *see* also CEQA Guidelines, § 15201 and *Cal. Bldg. Industry Assn. v. Bay Area Air Quality Management Dist.* (2015) 62 Cal.4th 369, 382 [informing the public about a proposed activity's potential impacts is a primary purpose of CEQA].)

The Court of Appeal ignored the importance, and the privileged position, of the public and affirmed the City's deliberate ouster of the public from it. The Court of Appeal appeared to regard all public comment opportunities as equal under CEQA; in fact, it lumped all comment opportunities, both the formal comment period and the subsequent post-comment period public hearings, into one undifferentiated total, stating that "the City complied fully with CEQA's information requirements by providing a combined total of 92 days of comment on the DEIR." (*Southwest Reg. Council of Carpenters v. City of Los Angeles* (2022) 76 Cal.App.5th 1154, 1182.) The Court of Appeal concluded since the public had the opportunity to comment on the DEIR and RDEIR during the formal comment periods (before the final Project was selected), and at agency hearings on the Project after the CEQA process was finished (and after the final Project was selected), that was adequate to satisfy CEQA. (*Id.*) This is not consistent with well settled CEQA law. All opportunities for public comment are *not* equal under CEQA, and a public agency should not be allowed to compromise the public's right to comment meaningfully though the agency's own timing of the choice of Project. That is what the City did here, and what the Court of Appeal condoned in its opinion.

Document received by the CA Supreme Court.

Supreme Court
May 27, 2022
Page 4

Here, the City of Los Angeles selected a Project whose precise scope and definition were never presented to the public in any iteration of the EIR, meaning that the public never had the opportunity to submit full and thorough comments on the actual Project. The Court of Appeal acknowledged that "the public had no opportunity to comment on the specific project actually approved[.]" (*Southwest Reg. Council of Carpenters*, *supra*, 76 Cal.App.5th at 1181.) However, the Court of Appeal then concluded that CEQA does not require such an opportunity in these circumstances, and "decline[d] to engraft that requirement into CEQA." (*Id.*) The Court of Appeal apparently considered the Project to be sufficiently similar to an alternative first presented in the Final EIR *after* the close of the public comment period to allow the City to bypass CEQA's requirement for public comments to which the agency must meaningfully and accountably respond. To repeat, neither the specific Project that was ultimately approved nor Alternative 5, which the final Project somewhat resembled, were presented to the public at a time when public comments would have required good-faith, reasoned responses. Amici believes this is an evasion of one of the fundamental public accountability provisions in CEQA, and the Court of Appeal grievously erred in condoning it.

While Petitioner did comment, both in writing, and orally at public hearings by the City Council's Planning and Land Use Committee and the full City Council, this comment opportunity was not equal to the opportunity to submit comments pursuant to Guidelines section 15088 subdivision (c) during the formal public comment period. Petitioner and the public cannot know whether Petitioner's comments were duly considered, or even that they were read, because no reasoned response was required. Given the extensive comments submitted by Petitioner during the public comment period (see, e.g., *Southwest Reg. Council of Carpenters*, *supra*, 76 Cal.App.5th at 1167), it is more than reasonable to assume that the Petitioner here would have submitted additional, detailed comments had the City properly disclosed the Project it planned to approve before the public comment period closed or had extended the comment period to allow comments on its final choice of Project. The City had changed the Project previously in response to public comments about soil contamination and traffic impacts (*Southwest Reg. Council of Carpenters*, *supra*, 76 Cal.App.5th at 1182), and might have made further changes to protect the environment, had the public had a meaningful opportunity to comment on, for example, the final Project's 50% increase in residential units and a drastic drop in commercial space, potentially skewing the traffic analysis. (Pet. for Review, pp. 10-11.) The City made the deliberate choice not to allow such an opportunity, severely prejudicing Petitioner and the public.

As discussed above, comments submitted during the formal comment period may be of any length, may include expert comments, and trigger the legal obligation under CEQA for the lead agency to provide good faith, reasoned responses. Public

Document received by the CA Supreme Court.

597

Supreme Court
May 27, 2022
Page 5

comments submitted during the hearings held after the public comment period closes, e.g., approval hearings before the City Council, simply do not provide the opportunity for full comments to be made, and do not trigger any obligation for reasoned responses by the lead agency. All public comment opportunities are *not* equal; the one-way nature of public hearing comments - here, held to one minute per commenter[1] - did not and could not fulfill the public accountability requirements of CEQA equivalently to the public comment process mandated by CEQA before the Final EIR is issued. By waiting until after the public comment period closed before announcing the actual Project it had chosen, the City avoided the degree of public accountability CEQA imposes at the public comment stage of the CEQA process, thereby unilaterally excusing itself from making the good faith, reasoned responses to public comments on its choice of Project that CEQA normally and purposefully requires. Because the Court of Appeal's opinion condones this practice, other lead agencies will be encouraged to copy it, whether only to save time, or to deliberately avoid the CEQA duty to prepare reasoned, factually-supported responses to critical comments from the public. Amici curiae believe this Court should grant review to correct the Court of Appeal's misinterpretation of CEQA, and to prevent this practice from being adopted by other lead agencies.

We also briefly address the issue of project definition. For nearly half a century, case law has reiterated the holding in *County of Inyo v. City of Los Angeles* (1977) 71 Cal.App.3d 185,193, that an "accurate, stable and finite" description of the proposed project is "the sine qua non" of an EIR. *See*, *e.g.*, *San Joaquin Raptor Rescue Center v. County of Merced* (2007) 159 Cal.App.4th 645, at 655; *Citizens for a Sustainable Treasure Island v. City and County of San Francisco* (2014) 227 Cal.App.4th 1036 at 1052; *Western Placer Citizens for an Agricultural and Rural Environment v. County of Placer* (2006) 144 Cal.App.4th 890, at 898. Here, there is no question that the project description in the DEIR and FEIR differed from the Project as finally proposed and adopted by the City: the residential component is increased by roughly half (422 units in DEIR versus 623 units in final Project), while the commercial component is drastically reduced (200,000 square feet in DEIR versus 60,000 square feet in final Project). This means that the project description during the DEIR and RDEIR failed to accurately describe or even presaged the final Project, and therefore did not remain stable during the entire CEQA process. For a project description to be accurate and stable, "the DEIR, the FEIR, and the final approval must describe substantially the same project" and "[t]he defined project and not some different project must be the EIR's bona fide

---

[1] Amici curiae recognize that courts do not prescribe the amount of time public commenters must receive at public hearings, but surely one minute is barely time for commenters to state their name, their affiliation (if any), and whether they support or oppose the proposed project. This is more akin to an opinion poll or non-binding plebiscite than to the process of public comment and fact-based, reasoned agency response set out in Guideline 15088(c). It is certainly not an equivalent process.

Document received by the CA Supreme Court.

Supreme Court
May 27, 2022
Page 6

subject." (*Concerned Citizens of Costa Mesa, Inc. v. 32nd Dist. Agricultural Assn.*, *supra*, 42 Cal.3d at 938.)

  The Court of Appeal found that the final Project was sufficiently similar to Alternative 5, presented in the FEIR, to pass the accurate, stable, and finite project description test, but Alternative 5 was first presented to the public only after the public comment period was closed.[2] One of the purposes of the EIR is "to demonstrate to an apprehensive citizenry that the agency has, in fact, analyzed and considered the ecological implications of its action." (CEQA Guidelines, §15003 subd. (d).) Approving a Project that the public did not see and could not have predicted until after the FEIR was published does nothing to reassure an apprehensive citizenry. The EIR process requires "a good-faith effort at full disclosure" (CEQA Guidelines §15003 subd. (i)). It is not intended to produce last-minute surprises such as the Project here. To clarify this point, and to discourage other lead agencies from emulating the tactics used by the City of Los Angeles here, review of this opinion by this Court is profoundly necessary.

  Finally, the violation of CEQA here was prejudicial. Where, as here, the failure to comply with CEQA "results in a subversion of the purposes of CEQA by omitting information from the environmental review process, the error is prejudicial," and reversal is necessary. (*Rural Landowners Assn. v. City Council* (1983) 143 Cal.App.3d 1013, 1023; *see* also CEQA Guidelines, § 15002, subd. (a).)

  For all the above reasons, and for the reasons set forth in the Petition for Review, amici curiae respectfully requests that this Court grant review of the Court of Appeal's decision in this case.

Dated: May 27, 2022       Respectfully Submitted,

*/s/ Douglas P. Carstens*

Douglas P. Carstens
Susan Durbin

Document received by the CA Supreme Court.

---

[2] There may be times that a project proposal changes in a way that is beneficial in reducing project impacts but, if that is the case, a supplemental EIR could state as much to allow public comment.

## PROOF OF SERVICE

I am employed by Chatten-Brown, Carstens & Minteer LLP in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2200 Pacific Coast Highway, Ste. 318, Hermosa Beach, CA 90254. On May 27, 2022, I served the within documents:

### AMICUS CURIAE LETTER IN SUPPORT OF PETITION FOR REVIEW

☐ **VIA UNITED STATES MAIL.** I am readily familiar with this business' practice for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid. I enclosed the above-referenced document(s) in a sealed envelope or package addressed to the person(s) at the address(es) as set forth below, and following ordinary business practices I placed the package for collection and mailing on the date and at the place of business set forth above.

☐ **VIA OVERNIGHT DELIVERY.** I enclosed the above-referenced document(s) in an envelope or package designated by an overnight delivery carrier with delivery fees paid or provided for and addressed to the person(s) at the address(es) listed below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☒ **VIA ELECTRONIC SERVICE THROUGH TRUEFILING.** Based on a court order or an agreement of the parties to accept service by electronic transmission through TrueFiling, I caused the above-referenced document(s) to be sent to the person(s) at the electronic address(es) listed below.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made. I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on May 27, 2022, at Hermosa Beach, California 90254.

_____
Cynthia Kellman

Document received by the CA Supreme Court.

**SERVICE LIST**

<u>*Via TrueFiling*</u>
Supreme Court of the State of California

*City of Los Angeles: Appellant*
*Los Angeles City Council: Appellant*
*Department of City Planning: Appellant*
Michael Feuer
Leonard Aslanian
Office of the City Attorney
mike.n.feuer@lacity.org
len.aslanian@lacity.org

Tina A. Thomas
Amy R. Higuera
Thomas Law Group
tthomas@thomaslaw.com
ahiguera@thomaslaw.com

*The Icon at Panorama, LLC: Real Party in Interest and Appellant*
Damon P. Mamalakis
Armbruster Goldsmith & Delvac LLP
damon@agd-landuse.com

*Southwest Regional Council of Carpenters, et al.*
Richard Toshiyuki Drury
Lozeau Drury LLP
richard@lozeaudrury.com

<u>*Via U.S. Mail*</u>
Court of Appeal
State of California
Second App. District, Div. 4
300 So. Spring St. 2nd Floor
Los Angeles, CA 90013

California Attorney General
Office of the Attorney General
P.O. Box 944255
Sacramento, CA 94244-2550

Document received by the CA Supreme Court.