EXHIBIT 19

Case 2:19-cv-00181-CBM-MRW   Document 201-19   Filed 07/11/22   Page 1 of 6   Page ID
#:5682

*wittwer / parkin*

May 27, 2022

Supreme Court of California
Honorable Chief Justice Tani G. Cantil-Sakauye
Honorable Associate Justices of the Supreme Court
350 McAllister Street
San Francisco, CA 94102

    Re:    Supreme Court Case No. S274474; *Southwest Regional Council of Carpenters, et al. v. City of Los Angeles*; Amicus Curiae Letter in Support of Petition for Review

Dear Chief Justice Cantil-Sakauye and Associate Justices:

    This office submits the following letter pursuant to Rule 8.500(g) of the California Rules of Court requesting that the Supreme Court grant the Petition for Review filed in the above referenced case.

    Amicus Curiae Wittwer Parkin was founded in 1999 and litigates cases on behalf of petitioners in environmental and land use matters, including cases under the California Environmental Quality Act (CEQA), planning and zoning laws, the Subdivision Map Act, and the California Coastal Act. We have longstanding interest and expertise in California land use and natural resource law and policy, including application of CEQA to programs, plans, and projects that cause an environmental effect on the environment. Since our founding, we have litigated numerous CEQA cases.

    Our interest in this case is due to the inconsistent appellate decisions regarding what constitutes an accurate, stable and finite project description. The Court of Appeal's Opinion in *Southwest Regional Council of Carpenters, et al. v. City of Los Angeles*, further complicates the determination of when a project violates the principle that project descriptions be accurate, stable and finite. In this case, the city was able to add an alternative to the Final Environmental Impact Report (FEIR), without the public having an opportunity to comment on the alternative, that then allowed the city to adopt the alternative as the project. This decision implicates not only what is an accurate, stable and finite project description, but the public's right to

WITTWER PARKIN / 335 SPRECKELS DR., STE. H / APTOS, CA / 95003 / 831.429.4055

WWW.WITTWERPARKIN.COM / LAWOFFICE@WITTWERPARKIN.COM

Document received by the CA Supreme Court.

Honorable Chief Justice Cantil-Sakauye and Associate Justices
Re: Case No. S274474
May 27, 2022
Page 2

comment on an alternative that was then adopted as the project. It also flips the analysis in *Washoe Meadows Community v. Department of Parks and Recreation*, (2017) 17 Cal.App.5th 277 (*Washoe Meadows*), on its head.

In *Washoe Meadows,* the court found an Environmental Impact Report (EIR) deficient because the

> [Draft] EIR [(DEIR)] did not describe a project at all. Instead, it presented five different alternatives for addressing the Upper Truckee River's contribution to the discharge of sediment into Lake Tahoe, and indicated that following a period of public comment, one of the alternatives, or a variation thereof, would be selected as the project.

(*Id.* at 288.) The court held:

> A DEIR that states the eventual proposed project will be somewhere in 'a reasonable range of alternatives' is not describing a stable proposed project. A range of alternatives simply cannot be a stable proposed project." The DEIR in this case functioned more as a scoping plan under Guidelines section 15083, which should be formulated *before* completion of a DEIR for the purpose of "identifying the range of actions, alternatives, mitigation measures, and significant effects to be analyzed in depth in an EIR and in eliminating from detailed study issues found not to be important." (Guidelines, § 15083, subd. (a).)

(*Ibid.*, emphasis in original.) At least in *Washoe Meadows*, the public agency listed all the alternatives it was considering in the DEIR. Crucially, "The lead agency shall evaluate comments on environmental issues received from persons who reviewed the draft EIR and shall prepare a written response." (CEQA Guidelines, § 15088(a).) However, in *Southwest Regional Council of Carpenters, et al. v. City of Los Angeles*, the public was deprived of the right to comment on the very alternative that was ultimately adopted. The range of alternatives included in an EIR must be "potentially feasible alternatives that will foster informed decisionmaking and public participation." (CEQA Guidelines, § 15364.) If an alternative can be added at the end of the CEQA process and after the public has a right to comment and receive written responses to such comments, public participation has been short-circuited.

Document received by the CA Supreme Court.

Honorable Chief Justice Cantil-Sakauye and Associate Justices
Re: Case No. S274474
May 27, 2022
Page 3

Indeed, "Public participation is an essential part of the CEQA process." (CEQA Guidelines, § 15201.)

Finally, this office has and is litigating matters where the project description was not accurate, stable or finite. Cases such as *Southwest Regional Council of Carpenters, et al. v. City of Los Angeles, South of Market Community Action Network v. City & County of San Francisco* (2019) 33 Cal.App.5th 321, 332, and *Citizens for a Sustainable Treasure Island v. City & County of San Francisco* (2014) 227 Cal.App.4th 1036, 1052, unnecessarily create confusion and inconsistent authority regarding the principle of when a project description is accurate, stable and finite. Because the public should be clearly informed as to the project that is being analyzed in an EIR, an agency should not be permitted to add an alternative in an FEIR after the public comment period has closed. The Court should grant review to settle inconsistent authority regarding the project description upon which the entire environmental analysis is based.

For these reasons, we respectfully request that this Court grant review. In the alternative, we request that the Court depublish the opinion pursuant to Rule 8.1125 of the California Rules of Court.

Thank you for your consideration.

Very truly yours,
WITTWER PARKIN

William P. Parkin

Document received by the CA Supreme Court.

## PROOF OF SERVICE

I am employed in the County of Santa Cruz, State of California. I am over the age of 18 years and not a party to the within action; my business address is 335 Spreckels Drive, Suite H, Aptos, California, 95005.

On May 27, 2022, I served the following document(s):

**AMICUS CURIAE LETTER IN SUPPORT OF PETITION FOR REVIEW**

X   by placing a true and correct copy(ies) thereof in a sealed envelope with postage affixed hereon fully prepaid in the United States mail at Aptos, California, addressed as set forth below.

PLEASE SEE ATTACHED SERVICE LIST

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, all mail is deposited with the U.S. Postal Service on the same day with postage thereon, fully prepaid at Aptos, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postage meter date is more than one day after date of deposit for mailing in the affidavit.

I declare under penalty of perjury, pursuant to the laws of the State of California, that the above is true and correct.

Executed on May 27, 2022, at Aptos, California.

*Debbie Downing*
Debbie Downing

Document received by the CA Supreme Court.

## SERVICE LIST

| PARTIES | ATTORNEYS |
|---|---|
| Honorable Chief Justice Tani Cantil-Sakauye and Associate Justices of the Supreme Court of the State of California | 350 McAllister Street, Room 1295<br>San Francisco, CA 94102-4797<br>(Original and 8 copies plus one conformed copy and return envelope) |
| City of Los Angeles: Appellant<br><br>Los Angeles City Council: Appellant<br><br>Department of City Planning: Appellant | Michael Feuer<br>Leonard Aslanian<br>Office of the City Attorney<br>200 N. Main Street,<br>Rm. 920, City Hall East<br>Los Angeles, CA 90012<br><br>Tina A. Thomas<br>Amy R. Higuera<br>Thomas Law Group<br>455 Capitol Mall, Ste. 801<br>Sacramento, CA 95814 |
| The Icon at Panorama, LLC: Real Party in Interest and Appellant | Damon P. Mamalakis<br>Armbruster Goldsmith & Delvac LLP<br>12100 Wilshire Blvd., Ste. 1600<br>Los Angeles, CA 90025 |
| Southwest Regional Council of Carpenters, et al. | Richard Toshiyuki Drury<br>Lozeau Drury LLP<br>1939 Harrison Street, Suite 150<br>Oakland, CA 94612 |
| Court of Appeal<br>State of California<br>Second App. District, Div. 4 | 300 So. Spring St. 2nd Floor<br>Los Angeles, CA 90013 |

Document received by the CA Supreme Court.